UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex<br><br>Plaintiff,<br><br>v.<br><br>Las Vegas Township Justice Court, Judge Jessica Goodey,<br><br>Defendants. | Case No. 2:24-cv-00295-JAD-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's an application to proceed *in forma pauperis* and a Complaint. ECF Nos. 1, 1-2.

**I.     Application to Proceed *in forma pauperis***

Local Rules of Practice for the United States District Court for the District of Nevada ("LSR") 1-1 states: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." Plaintiff failed to describe his monthly expenses. Overall, the information provided in his application is inadequate.

**II.    Screening the Complaint**

Upon receiving a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for

failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.   Review of Plaintiff's Complaint

Plaintiff's Complaint attempts to bring criminal claims under state law and civil claims under 42 U.S.C. § 1983 against Judge Jessica Goodey and the Las Vegas Township Justice Court. ECF No. 1-2. Initially, the Complaint does not reasonably suggest that any of the criminal claims could "provide a private right of action that could remedy misconduct by any specific defendant under any circumstances plausibly alleged in the instant case. Plaintiffs cannot bring criminal charges against defendants through a private lawsuit." *Walker v. Bowler*, Case No. 5:17-CV-01687-AG-JC, 2018 WL 2392152, at *8 (C.D. Cal. May 24, 2018) (internal citations omitted). On this basis alone, Plaintiff's criminal claims fail to state claims upon which relief may be granted.

Regarding Plaintiff's claims under 42 U.S.C. § 1983 against the Las Vegas Township Justice Court, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Id.* The Las Vegas Township Justice Court is an "arm of the State," and thus is immune from suit. *Yaghoub v. Las Vegas Just. Ct.*, Case No. 2:15-CV-01464-JCM-GWF, 2016 WL 2610172, at *2 (D. Nev. Mar. 21, 2016), *report and recommendation adopted*, Case No. 2:15-CV-1464-JCM-GWF, 2016 WL 2350123 (D. Nev. May 4, 2016).

With respect to Plaintiff's claims against Judge Goodey, the Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)

(quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872)). "Additionally, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity," *Wicks v. Grove*, Case No. 3:20-CV-00812, 2021 WL 728117, at *2 (D. Or. Feb. 24, 2021), as well as "[d]eclaratory relief regarding a judge's previous actions." *Hill v. Ponner*, Case No. 1:18-CV-01471-DAD-SKO, 2019 WL 1643235, at *4 (E.D. Cal. Apr. 16, 2019). The only "narrow exception to judicial immunity" under 42 U.S.C. § 1983 is "for prospective declaratory relief" sought under Section 1983. *Id.* at *3 (citing *Weldon v. Kapetan*, Case No. 1:17-cv-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018)).

The allegations made against Judge Goodey pertain to acts she performed arising from Plaintiff's case before her and, thus, were functions normally performed by judges in such action. For these reasons, Judge Goodey is immune from suit in this matter.

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-2) be DISMISSED with prejudice as Plaintiff cannot remedy the deficiencies that render claims without legal merit.

IT IS FURTHER RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

Dated this 13th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address

and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).