**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Clayton-M. Bernard-Ex., | Case No.: 2:24-cv-00295-JAD-EJY |
| Plaintiff | |
| v. | **Order Overruling Plaintiff's Objections, Adopting Magistrate Judge's Recommendation, and Denying as Moot Motion for Default Judgment** |
| Las Vegas Township Justice Court, et al., | |
| Defendants | [ECF Nos. 1, 7, 8, 20] |

Pro se plaintiff Clayton-M. Bernard-Ex. sues the Las Vegas Township Justice Court and Judge Jessica Goodey for actions arising out of unspecified proceedings in that court. He brings civil-rights claims and accuses the defendants of violating criminal statutes, copyright-infringement laws, and international treaties. Magistrate Judge Elayna J. Youchah screened Bernard-Ex's complaint and recommends dismissal with prejudice because his claims are not cognizable or are barred by absolute immunity. Bernard-Ex filed two objections, neither of which address the magistrate judge's legal reasons for recommending dismissal. So I overrule his objections, adopt the magistrate judge's report and recommendation in its entirety, and dismiss this case with prejudice.

Bernard-Ex has also filed several notices of "additional defendants," in which he purports to add as defendants in this case the undersigned, the magistrate judge, virtually every other judge in this district, and several other people. He then filed a motion for default judgment against me and Judge Youchah. I deny that motion because Bernard-Ex didn't properly add any of those extra defendants to his lawsuit.

**Discussion**

**A.     The magistrate judge's report and recommendation is adopted.**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[1] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[2]

The magistrate judge found that Bernard-Ex's claims based on criminal statutes are not cognizable because those criminal statutes cannot be the basis of a civil claim.[3] She also explained that Bernard-Ex could not bring suit against the Las Vegas Township Justice Court because it is an arm of the state shielded from federal suit by Eleventh Amendment immunity.[4] Finally, she concluded that Bernard-Ex's claims against Judge Goodey are barred by absolute judicial immunity because he challenges actions that the judge took in a case pending before her.[5] The magistrate judge reasoned that these defects cannot be cured by amendment and recommends dismissal with prejudice.[6]

Bernard-Ex filed two objections but neither addresses any of the magistrate judge's legal findings or conclusions. Instead, he vaguely accuses me and the magistrate judge of violating

---

[1] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[2] 28 U.S.C. § 636(b)(1).

[3] ECF No. 7 at 2.

[4] *Id.*

[5] *Id.* at 2–3.

[6] *Id.* at 3.

international laws, diplomatic relations, our oaths of office, and his due-process rights, without explaining what actions we took that he believes caused those violations.[7] Bernard-Ex's accusations aren't supported by any factual allegations and don't challenge the magistrate judge's legal reasons for recommending dismissal, so I don't address them further.

In his second objection, Bernard-Ex contends that he believes that his claims for racial discrimination and copyright infringement are meritorious and should be allowed to proceed.[8] But he does not address the underlying problem with those claims that the magistrate judge pointed out to him: they cannot be brought against a state agency (i.e., the Las Vegas Township Justice Court) or a judge for her performance of judicial acts.  Bernard-Ex doesn't challenge those conclusions, and I find that they are correct statements of law.  So I overrule Bernard-Ex's objections, adopt the magistrate judge's recommendations, and dismiss this case with prejudice because it lacks legal merit.

**B.    Bernard-Ex's motion for default judgment is denied.**

Bernard-Ex's complaint in this case names two defendants only: the Las Vegas Township Justice Court and Jessica Goodey.  All of the claims against those defendants have been dismissed.  But Bernard-Ex also filed at least six notices of "additional defendants parties," in which he attempts to add me, Judge Youchah, and virtually every other judge in this district as a defendant in this case.[9]  Because Bernard-Ex's complaint has been dismissed, there is no

---

[7] ECF No. 8 at 2–3.

[8] ECF No. 21 at 3.  Bernard-Ex also takes issue with the magistrate judge's findings regarding his application to proceed in forma pauperis.  *Id.* at 4.  But because I find that his complaint lacks merit and must be dismissed, I adopt the magistrate judge's recommendation that his IFP application be denied as moot and I don't reach the merits of his application or those objections.

[9] ECF No. 9; ECF No. 14; ECF No. 16; ECF No. 18; ECF No. 22; ECF No. 26.

operative pleading to add defendants to.[10]  So Bernard-Ex's motion for default judgment against me and Judge Youchah must be denied—Bernard did not properly add any new defendants to this case, and his only claims against the Justice Court and Judge Goodey have been dismissed. So, because no viable claims remain, I close this case.

**Conclusion**

IT IS THEREFORE ORDERED that Bernard-Ex's objections to the magistrate judge's report and recommendation **[ECF Nos. 8 and 21] are OVERRULED**, and the recommendation **[ECF No. 7] is ADOPTED** in its entirety.  **Plaintiff's complaint is DISMISSED with prejudice**, and his motion for leave to proceed in forma pauperis **[ECF No. 1] is DENIED as moot**.  **The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Bernard-Ex's motion for default judgment **[ECF No. 20] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 17, 2024

---

[10] Even if this case proceeded, this motion would be denied.  A plaintiff may not piecemeal amend his complaint—to add new claims against new defendants, this district's local rules required Bernard-Ex to seek leave to amend his complaint and attach a proposed complaint containing all of the claims and parties he intended to pursue.  *See* Local Rule (L.R.) 15-1.  He did not do that, so his "additional defendants" lists are ineffectual.  So are the various "affidavits" that Bernard-Ex has filed.  *See* ECF Nos. 11–13, 24–31.  To the extent that any of these documents include additional facts to support his complaint, they will not be considered in this piecemeal fashion.  And to the extent they seek some form of relief, they were not filed in compliance with this district's local rules and have not been considered.  *See, e.g.*, L.R. IA 7-1 ("All communications with the court must be styled as a motion, stipulation, or notice").